## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| FORETHOUGHT LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) CIVIL 1:21-cv-484-WS-B |
| DEBORAH STEVENS, BRANDON BLAKE FRANKLIN, and JASON DANIEL STEVENS, | ) ) ) ) |
| Defendants. | ) ) |

## DEFENDANT JASON DANIEL STEVENS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT DEBORAH STEVENS FOR HER FAILURE TO PROSECUTE, WILFUL REFUSAL TO FOLLOW COURT ORDERS, AND REFUSAL TO GIVE DEPOSITION TESTIMONY

Defendant Jason Daniel Stevens moves the Court for entry of judgment against Defendant Deborah Stevens because she has completely refused to cooperate with the Orders of this Court, the instructions of her attorney, and the *Federal Rules of Civil Procedure*. The Court previously warned Defendant Deborah Stevens that a default would be entered. A default declaratory judgment is now due to be entered against her for the reasons that follow:

## <u>FACTUAL RECORD BEFORE THE COURT</u>

### <u>Defendant Deborah Stevens Refused to Appear for Her Properly Noticed Deposition After Confirming She Would Do So</u>

On April 26, 2020, *after* the Court entered a show cause order on April 20, 2022 at *PageID #: 156* finding that "it would appear that striking her [Defendant Deborah Stevens'] answer and entering a default judgment against her as a sanction for her dilatory behavior is the only appropriate sanction in this case, Defendant Deborah Stevens *then refused to appear for her own deposition* on April 26, 2022.

Defendant Deborah Stevens, at first, refused to communicate with her attorney a date for her deposition. On February 21, 2022, the attorney for Defendant Jason Stevens wrote the attorney for Defendant Deborah Stevens: "Attached please find a notice of deposition, undated, for Deborah Stevens. I would like to depose Deborah Stevens as soon as possible. Please provide some dates that work for you and your client . . ." *PageID #: 241*. The attorney for Deborah Stevens advised on February 21, 2022: "I have not heard from her in six days and am sending her a certified letter tomorrow (post office closed today) if I do not get a response today following my efforts to communicate with her. . . If my client for whatever reason (absent illness or as yet unknown reason) does not communicate with me after mailing her certified correspondence I will file

tDefendant Deborah Stevenshe appropriate motion with the Court." *PageID #: 240.*

On April 11, 2022, a copy of the notice of deposition of Defendant Deborah Stevens,, via First Class U.S. Mail properly addressed to her *pro se*, was mailed to the address provided by the Court.  *PageID #: 131, Notice of Deposition, PageID #: 137, Certificate of Service.* A copy of her notice of deposition was also sent via e-mail to her *pro se*, to the two email addresses provided by the Court.  *PageID #: 137, Certificate of Service.*

The day before her deposition, an attorney who declined to represent Defendant Deborah Stevens confirmed that she would appear in person for her deposition.  ("I spoke to Ms. Stevens, and she has always been of the understanding that she must appear in person.") *PageID #: 616.*  Because he did not enter a notice of appearance, counsel for Defendant Jason Stevens continued to address Ms. Stevens as a *pro se* party because her first attorney had withdrawn, and the second attorney considering her case the day before her deposition did not enter a notice of appearance.  *PageID #: 644.* ("Please check the court record for all notices if you enter an appearance.  Until you enter a notice of appearance, I will continue to address Ms. Stevens as a pro se litigant and copy her with emails.")

The morning of her deposition, on April 26, 2022,  Defendant Deborah Stevens' communicated *pro se* via email that she would appear and give testimony, stating "[W]e will meet this morning"  *PageID #: 644.*

Defendant Deborah Stevens knew that she was not only expected to appear and give testimony at 10 a.m. on April 26, 2022, she also knew that she was to bring documents requested in discovery with her.  *PageID #: 618.*

Defendant Deborah Stevens knew that, if she did not appear at 9:00 a.m. for her deposition, that the attorneys would go on the record and note her non-appearance and wait 30 minutes for her to arrive. *PageID #: 618*

All parties but Defendant Deborah Stevens appeared for the deposition of Defendant Deborah Stevens on April 26, 2022 at 9 a.m.  *PageID #: 809.* The videographer was present. The court reporter was present. At 9:00 a.m., Defendant Deborah Stevens had not appeared, and had not called the law firm where the deposition was taking place, even though the phone number was on the notice of the deposition under the address. *PageID #: 809.* The same non-appearance circumstances were noted on the record at 9:31 a.m., at which time an additional 30 minutes to the 10 a.m. hour was given for Defendant Deborah Stevens to appear.  *PageID #: 809.*  At 10:01 a.m. Defendant Deborah Stevens still had failed to appear, and the matter was noted on the record, and her deposition record was closed.  *PageID #: 810.*

## The Show Cause Order of April 20, 2022 (PageID #: 156)

On April 20, 2022, the Court concluded at *PageID #: 156* that "it would appear that striking her [Defendant Deborah Stevens'] answer and entering a default judgment against her as a sanction for her dilatory behavior is the only appropriate sanction in this case."  The Order provided:

> This action is before the Court on review. On April 5, 2022, the Court granted Mr. James Robertson's motion to withdraw from representation of Defendant Deborah Stevens after determining that Defendant Deborah Stevens had refused to appropriately communicate with Mr. Robertson, thereby thwarting his efforts to properly represent her. (See Doc. 29 at 1). The Court granted Defendant Deborah Stevens leave until April 19, 2022, to retain new counsel and have her new counsel file a written notice of appearance with this Court. (Id. at 2). In the alternative, Defendant Deborah Stevens was directed to advise the Court, in the form of a written pleading, of her intent to proceed pro se. (Id.). The docket reflects that, to date, no counsel has entered an appearance on behalf of Ms. Stevens, nor has she informed the Court, in writing or otherwise, of her desire to proceed pro se.
>
> Given Defendant Deborah Stevens' failure to follow the Court's directives, and her refusal to cooperate with her previous counsel, it would appear that striking her answer and entering a default judgment against her as a sanction for her dilatory behavior is the only appropriate sanction in this case. Accordingly, Defendant Deborah Stevens is **ORDERED** to **SHOW CAUSE** on or before **May 6, 2022**, why the above-referenced sanction should not be entered against her. **Defendant Deborah Stevens is cautioned that failure to comply with this order will result in a recommendation that a default judgment be entered against her due to her failure to obey orders of this Court. Defendant Deborah Stevens should also be aware that if a default judgment is entered against her, it will extinguish any claims that she may have to the funds in dispute in this case.**

Also pending before the Court is Defendant Jason Daniel Stevens'
motion to compel Defendant Deborah Stevens to respond to discovery
requests served upon her (Doc. 32). Defendant Deborah Stevens is
**ORDERED** to file a response to the motion no later than **April 29,
2022. As noted above, the failure to comply with the Court's
directive will result in a recommendation that a default judgment
be entered against Defendant Deborah Stevens in this action.**

The Clerk is **DIRECTED** to send a copy of this order to Defendant
Deborah Stevens, via regular mail and email.

### Defendant Deborah Stevens Refused to Assist or Participate In The Court-Ordered Meeting of Parties

On January 6, 2022, the Court ordered that a meeting of the parties occur.

*PRELIMINARY SCHEDULING ORDER at PageID #: 36* ("Meeting of the Parties;

Report. 1. The parties, including pro se parties, are ORDERED to meet and file a

report pursuant to Fed.R.Civ.P. 26(f) as soon as practicable but not later than

February 21, 2022.) Subsequent to the Court's Order, Defendant Deborah Stevens

refused to participate in the Meeting of the Parties. Her attorney advised on

February 18, 2022: "As a caveat, as I told everyone on the Thursday, February 17

Zoom call, and now supplement, I was unable to reach my client in the past few

days, including today, to confirm what I am submitting. Mrs. Stevens has thus not

reviewed what I am filing on her behalf, and on her behalf I reserve the right to

amend or supplement this filing today." *PageID #: 222.* Her attorney advised on

February 18, 2022: "I cannot reach my client for verifica   on, as I previously

reported, but this is what I understand gleaned from informa   on obtained to date.

6

It is thus subject to the caveats previously shared with you and the other counsel."
*PageID #: 221*. Her attorney advised on February 21, 2022: "Attached are the
highlighted points of redaction and addition. . . I still have not heard from Debbie
and as an officer of the Court I am obliged to advise all counsel of this fact."
*PageID #: 262*.

### Defendant Deborah Stevens Refused to Assist or Participate In The Court-Ordered Initial Disclosures Process

On January 6, 2022, the Court ordered that, "[e]xcept as otherwise ordered
by the Court, a party shall, without awaiting a discovery request, provide the
information described in Fed.R.Civ.P. 26(a)(1)(A-D) not later than twenty (21)
days after the meeting of the parties." *PRELIMINARY SCHEDULING ORDER at
PageID #: 37*. Subsequently, Defendant Deborah Stevens refused to cooperate with
her attorney and refused to participate in the Initial Disclosures Process. Her
attorney's filing of Initial Disclosures confirmed that he was withdrawing because
Defendant Stevens had refused to communicate at all, or reasonably, for over a
month.  *See Qualified Initial Disclosures at Page ID #: 103 :*

> COMES NOW James E. Robertson, Jr., as counsel, and files for
> Defendant Deborah Stevens ("Defendant" or "Deborah") these limited
> initial disclosures for Deborah, as noted in counsel's concurrently
> filed Notice and Motion to Withdraw. Counsel has been unable to
> confirm with certainty all of the below disclosures because of
> difficulties in communication with his client for more than a month, as
> previously disclosed to this Court and all counsel. Counsel has not
> reviewed these disclosures with his client for the reasons set forth in
> his concurrently filed Notice and Motion to Withdraw.")

*See also, Qualified Initial Disclosures at Page ID #: 105 :*

> [Referring to Defendant Stevens'] prior and subsequent failures to communicate and cooperate with Counsel in a consistent fashion for Counsel to fulfill his ethical obligations regarding representation, as well as dealings with this Court and all counsel. Because of the above, Counsel cannot confirm or deny that Deborah may possess information or documents proper for initial disclosure that has not as of this date been disclosed, and which may require amendment to these Initial Disclosures.

## Defendant Deborah Stevens' Refusal to Answer Interrogatories and Defendant Deborah Stevens' Refusal to Produce Documents

Defendant Deborah Stevens refused to answer written discovery served by Defendant Jason Stevens.  *See DEFENDANT JASON DANIEL STEVENS' MOTION TO COMPEL DISCOVERY RESPONSES TO RULE 33 INTERROGATORIES AND TO RULE 34 PRODUCTION REQUESTS, AND TO NOTE RULE 36 DISCOVERY ADMITTED AS SELF-EXECUTED at  PageID #: 139.* As noted above, on April 20, 2022, the Court's  order at *PageID #: 157* noted that "it would appear that striking her [Defendant Deborah Stevens'] answer and entering a default judgment against her as a sanction for her dilatory behavior is the only appropriate sanction in this case" and that "pending before the Court is Defendant Jason Daniel Stevens' motion to compel Defendant Deborah Stevens to respond to discovery requests served upon her (Doc. 32). Defendant Deborah Stevens is **ORDERED** to file a response to the motion no later than **April 29, 2022. As noted above, the failure to comply with the Court's directive will**

**result in a recommendation that a default judgment be entered against Defendant Deborah Stevens in this action."** *Id. a*t *PageID #: 157(emphasis original to Court Order).*

Defendant Deborah Stevens did not file a response to the motion by April 29, 2022.

The discovery included admission requests to Defendant Deborah Stevens. It has been more than 30 days since the admissions requests were served on Defendant Deborah Stevens. Under Rule 36(a)(3), the above facts are now admitted by Defendant Deborah Stevens as a matter of law and fact. FRCP 36(a)(3) provides: "Time to Respond; Effect of Not Responding. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

> [1.] Admit that FRED DANIEL STEVENS never told you, before he died, that he had removed you as beneficiary on the subject annuities. *PageID #: 145*
>
> [3.] Admit that you and FRED DANIEL STEVENS were not living in the same dwelling on the date or dates FRED DANIEL STEVENS signed and submitted the beneficiary change forms.  *PageID #: 145*
>
> [5] Admit that you believed that FRED DANIEL STEVENS was competent to make financial decisions on each occasion that he ever gave money to you or spent money in your presence.  *PageID #: 145*

Accordingly, the foregoing facts are established for purposes of this action and this motion, and support a dismissal *with prejudice* because Defendant Deborah Stevens has now admitted that she never observed the deceased, Fred Daniel Stevens, engage in any incompetent act relating to the expenditure of money in her presence, and her entire challenge to the change of beneficiaries on the annuities is based on the alleged but unsupported assertion that Fred Daniel Stevens was incompetent.

### <u>Defendant Deborah Stevens Refused to Communicate with Her Attorney (Now Withdrawn) in Scheduling Other Discovery</u>

Defendant Deborah Stevens refused to communicate to her attorney to coordinate a date for the deposition of the financial officer who processed the change of beneficiaries--obviously a critical witness in the case. Her attorney advised, in declining to schedule the deposition of the financial officer on the March 15th date that was convenient for the witness and for all counsel in the case.

On February 23, 2022, the attorney for Defendant Deborah Stevens advised: "I have been trying for eight days through various means to get some response from my client. I have had none. Today I sent certified mail to Mrs. Stevens in an attempt to reach her and am tracking the letter, which requires her signature. Given the difficulty I am having, I cannot schedule any depositions until I can communicate with my client and determine next steps."   *PageID #: 297.*

10

On March 7, 2022, the attorney for Forethought emailed inquiring if the deposition of the financial officer would proceed on March 15th.   *PageID #: 163.* Defendant Deborah Stevens' then-attorney responded on March 7, 2022, stating it could not proceed, explaining " I can't do depositions or seek or reply to discovery without the ability to work with my client."   *PageID #: 214.* By this time Defendant Deborah Stevens had refused certified mail from her own attorney and the postal person had written "COVID."   *PageID #: 75* ("Attached hereto as Exhibit A is a true and correct copy of the United States Postal Service Certified Mail Return Receipt that indicates Deborah is suffering from COVID19, which explains why counsel has not been able to communicate or correspond with Deborah in the past several weeks. On February 23, 2022 Counsel mailed her certified correspondence after all attempts by telephone, email and text messages had failed in the preceding")

There was then, and there is now, no medical evidence in the Court record that Deborah Stevens had COVID, was tested for COVID, or received treatment from COVID. The noticing attorney, counsel for Jason Daniel Stevens, responded: "I would like to take it. Jim please advise if your client is hospitalized or not. If she is able to speak with you on the phone I see no reason we cannot proceed. If both of you wish to participate by Zoom of course that is easily arranged. . ."   *PageID #: 219.* On March 7, 2022, Deborah Stevens' attorney replied that he could not

move forward with the financial officer's deposition without his client's input: "I haven't been able to meet with my client in weeks. It's essential that I participate in Mr. Couch's deposition and I can't do it until I am able to meet with my client first. I am awaiting more information from her." *PageID #: 162.*

On March 7, 2022, Deborah Stevens' attorney canceled the critical deposition of the financial officer that processed the change of beneficiaries on the ground that Deborah Stevens had "COVID." Her attorney advised: "Unfortunately the deposition cannot go forward as scheduled. As I filed Friday with the Court, I just learned about my client's COVID and it explains the recent problems encountered in communica ng with her. Late Friday I received texts from her acknowledging that she had received my letter and that she had COVID. I responded, but have not received further response from her today." *PageID #: 214.* On March 7, 2022, the noticing attorney, counsel for Jason Daniel Stevens, responded to Deborah Stevens' attorney: " Jim, I'm sorry but this is all very vague. Can she or can she not talk on the phone to you? It sounds like she just does not want to talk with you. We are not going to agree to an extension of the discovery deadlines in this case. There is no reason your client cannot Zoom or telecommunicate with you . . ." *PageID #: 162.*

More dates were obtained from the witness and April 27th was agreed upon by all parties except Defendant Deborah Stevens. Eventually, On April 8, 2022, the

Court ordered that the deposition of Kevin Couch occur on April 27, 2022.

*Document 29 Filed 04/08/22 Page 2 of 2 PageID #: 126. ("*As discussed during the hearing, Defendant Jason Daniel Stevens' request to proceed with the deposition of non-party Kevin Couch on April 27, 2022 is GRANTED.").

Couth testified that, after the Annuities issued, Defendant Deborah Stevens and Fred Daniel Stevens (deceased) physically separated. *Deposition Testimony of Kevin Couch, Financial Advisor to Fred Daniel Stevens at PageID #: 799.* During the physical separation of Fred Daniel Stevens and Defendant Deborah Stevens, Fred Daniel Stevens informed Couch that he wished to change beneficiaries on the Annuities to his only natural son, Defendant Jason Daniel Stevens, and his step-son, Defendant Brandon Blake Franklin. *Id. at PageID #: 799.* Couch testified beginning at PageID #: 800:

> 23:4    Q. And did he tell you -- who in Exhibit 3
> 23:5  did he name as the beneficiaries to replace his
> 23:6  wife, Deborah Stevens?
> 23:7    A. Jason Daniel Stevens and Brandon Blake
> 23:8  Franklin.
> 23:9    Q. And how did this form get filled out and
> 23:10  processed, which is Exhibit 3?
> 23:11    A. Danny called, and then he asked what do
> 23:12  we need to do, what's the process for changing
> 23:13  it, and I overnighted him these documents, each
> 23:14  one for each contract, and told him to fill out
> 23:15  both of them and then return them.
> 23:16        (Whereupon, Defendant's Exhibit No. 4
> 23:17  was marked for identification and a copy of
> 23:18  same is attached hereto.)
> 23:19    Q. And this is Couch Exhibit 4. And just

23:20  for the record, let me ask you to identify what
23:21  that is.
23:22      A.  This is a change of beneficiary form for
23:23  the other policy.
24:1      Q.  Okay.  And what contract number is that?
24:2      A.  The contract ending in 6382.
24:3      Q.  Are Exhibit 3 and Exhibit 4 identical
24:4  documents in terms of being the same change of
24:5  beneficiary forms?
24:6      A.  Correct.
24:7      Q.  They are simply for different contracts?
24:8      A.  Yes, sir.
24:9      Q.  And both of them were one million dollar
24:10  contracts?
24:11      A.  Correct.
24:12      Q.  For a total of two million dollars in
24:13  proceeds?
24:14      A.  Correct.
24:15      Q.  And who did he change the beneficiary to
24:16  on that second change of beneficiary form,
24:17  Couch Exhibit 4?
24:18      A.  The same, Jason Daniel Stevens and
24:19  Brandon Blake Franklin.
24:20      Q.  Now, in the conversation with Danny
24:21  Stevens about this change of beneficiary, was
24:22  there anything at all that was out of
24:23  character, unusual, different in his voice,
25:1  different in his tone, different in what seemed
25:2  to be his usual emotional disposition, anything
25:3  different at all in that conversation that you
25:4  recall?
25:5      A.  No.
25:6      Q.  And if you had had any reason to believe
25:7  that he was under pressure or that he was not
25:8  competent or that he was being unduly
25:9  influenced by someone, if you had had any
25:10  reason to believe that, what is the process at
25:11  your firm -- at your financial institution?
25:12      A.  So I would have to notify our compliance
25:13  person that I felt like that a client was

25:14   incapable of making those decisions, and then
25:15   there would be -- through Renasant -- well,
25:16   really through LPL Financial, they would
25:17   contact the client or work with me for a
25:18   resolution.  But if I have a client that's
25:19   impaired or that I deem to be not capable, then
25:20   I would contact our compliance department, and
25:21   we would move forward with that.
25:22      Q.  Would it be your habit as a financial
25:23   professional under that company policy to err
26:1   on the side of caution?  If you had any reason
26:2   to believe that there was an issue, would you
26:3   err on the side of caution and refer it to the
26:4   compliance office?
26:5      A.  Yes.  Yeah.
26:6      Q.  But you had no reason to believe with
26:7   respect to Danny Stevens that he --
26:8      A.  No.

(Couch, 23:4-26:8, 4/27/2022)


## LAW AND ARGUMENT

Defendant Deborah Stevens' decision to ignore her attorneys and court

orders in this case are similar to the facts in the recent matter of *Jones v. Industry*

*One, Mobile, Inc., Dist. Court,* SD Alabama 2021, in which Magistrate Judge

Bivins at *1:19-cv-01023-JB-B Document 50 Filed 10/08/21, Page 5 of 33 PageID*

*#: 243*, recommended a default judgment as a sanction for a defendant's failure to

obey the Court's orders. Judge Bivins noted that dismissal has been found

appropriate where a "defendant disappeared for long periods of time, willfully

neglected to update the court with her contact information, and showed 'little

interest in the litigation,'" and recommended entry of default judgment:

> The Court now turns to Jones's request for a default judgment as a
> sanction for Defendants' failure to obey the Court's orders in this case
> and failure to defend. A court may impose sanctions for litigation
> misconduct under its inherent power. *Eagle Hosp. Physicians, LLC v.
> SRF Consulting, Inc.,* 561 F.3d 1298, 1306 (11th Cir. 2009)(citing
> Chambers v. NASCO, Inc., 501 U.S. 32, 43-44 (1991)). The Court's
> inherent power derives from its need "to manage [its] own affairs so
> as to achieve the orderly and expeditious disposition of cases." *Eagle
> Hosp. Physicians,* 561 F.3d at 1306 (quotation marks and citation
> omitted). "The key to unlocking a court's inherent power is a finding
> of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998).
> Sanctions authorized under the court's inherent powers include the
> ultimate sanction of dismissal with prejudice or entry of default
> judgment. See *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307
> F.3d 1332, 1338 (11th Cir. 2002)(affirming the district court's
> imposition of sanctions, including dismissal with prejudice). Before a
> district court imposes the sanction of default judgment, the court must
> find a willful or bad faith failure to comply with its orders. *Malautea
> v. Suzuki Motor Co*., 987 F.2d 1536, 1542 (11th Cir. 1993). However,
> a court does not need to first impose lesser sanctions if those sanctions
> would be ineffective. *Id.* at 1544; see also *Jackson v. Investigations &
> Sec. Bureau, Inc.,* 2018 U.S. Dist. LEXIS 219166, *11, 2018 WL
> 4603289, *4 (M.D. Fla. Aug. 27, 2018)(default judgment was
> warranted where corporate defendant failed to defend and participate
> in the litigation and failed to retain counsel, despite numerous
> warnings of the consequences of not retaining counsel); *Alexander v.
> Moor*e, 2018 U.S. Dist. LEXIS 239969, *1, 2018 WL 4677835, *1
> (M.D. Ala. Apr. 26, 2018)(default judgment as a sanction warranted
> where defendant disappeared for long periods of time, willfully
> neglected to update the court with her contact information, and
> showed "little interest in the litigation," thwarting plaintiff's counsel in
> discovery and reporting obligations and requiring the court to
> unnecessarily expend significantly limited resources); *Bolar v.
> Southern Intermodal Express*, 2018 U.S. Dist. LEXIS 158788, *5,
> 2018 WL 5116539, *2 (S.D. Ala. Sept. 17, 2018), report and
> recommendation adopted sub nom., 2018 U.S. Dist. LEXIS 179588,

*2, 2018 WL 5116093 (S.D. Ala. Oct. 19, 2018)("District courts possess inherent power to sanction errant litigants before them[,]" including the power to dismiss an action for failure to prosecute.); *Zow v. Regions Fin. Corp*., 595 Fed. Appx. 887, 889 (11th Cir. 2014)("if a party disregards an order despite being warned of the possible consequences, dismissal is generally not an abuse of discretion"). Here, Jones moves for a default judgment against Defendants as a sanction for Defendants' failure to comply with the Court's orders to obtain new counsel (or, in the case of Defendant Dennis, to notify the Court of his new counsel or his intention to proceed pro se)[1] and Defendants' failure to engage in the discovery process in this case.[2] (Doc. 45 at 2). For the reasons that follow, the Court finds that a default judgment is warranted against Defendants in this case.

In the amended Rule 16(b) scheduling order, the Court required the parties to complete discovery on or before April 16, 2021. (Doc. 36). Jones argues that not only did the Defendants fail to participate in the discovery process as ordered, but they thwarted her efforts to comply with the Court's order. According to Jones, "counsel for Plaintiff and [former] counsel for Defendant repeatedly experienced the refusal of the Defendants to engage in providing any responses to discovery interrogatories and requests and in proceeding forward with the scheduling and taking of depositions, resulting in plaintiff filing a Motion to Compel discovery and in defense counsel seeking to withdraw[] as counsel of record." (Doc. 45 at 2). Former counsel for Defendants confirmed at the hearing on his motion to withdraw that neither Defendant would engage in the discovery process. (Id.).

As previously discussed with respect to Defendant Industry One, a corporation is an artificial entity that can act only through agents. It cannot appear pro se, and it must be represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Industry One has known for months that it can defend this action only through licensed counsel. Likewise, Defendant Dennis has known for months that, in order to defend this case, he must hire new counsel or, alternatively, notify the Court in writing of his intention to proceed pro se. Yet, to date, neither Defendant has complied with the Court's order regarding representation, nor has either Defendant

communicated with the Court in any way regarding the Court's directives.

There can be no question on this record that Defendants' defiance of the Court's order to obtain counsel (or in the case of Kevin Dennis to simply notify the Court of his intention to appear pro se), Defendants' complete failure to respond to or communicate with the Court, Defendants' refusal to participate in discovery as required by the Court's amended scheduling order (Doc. 36), and Defendants' failure to defend against Plaintiff's motions for entry of default and default judgment (Docs. 45, 49), with the full knowledge that the sanctions for failing to comply with the Court's order to obtain new counsel and to defend this case include entry of a default judgment against each of them, indicates a deliberateness, willfulness, and bad faith on the part of these Defendants not to defend this case and supports a default judgment against them both. *See American Resources*, 2008 U.S. Dist. LEXIS 86310, 2008 WL 4701350 at *1 (where corporate defendant disregarded the court's orders for months to obtain counsel, "there can there be no doubt that a lesser sanction than default judgment will not suffice," as defendant "has made plain that it is no respecter of warnings of default judgment and that it will continue to ignore all court orders until default judgment is entered.").

Based on the foregoing, the Court finds that Defendants Industry One and Kevin Dennis are "no respecter of warnings of default judgment and that [they] will continue to ignore all court orders until default judgment is entered." *Id.* The Court further finds that Plaintiff has suffered extreme prejudice in this action as a result of Defendants' conduct; that Defendants' conduct has greatly and unnecessarily interfered with the judicial process; that Defendants are wholly culpable; that Defendants were fully forewarned that a default judgment was a possible sanction for their conduct; and that a lesser sanction would have no efficacy under the circumstances.

The District Court agreed and entered the default judgment action at

1:19-cv-01023-JB-B Document 52 Filed 10/25/21 Page 1 of 2 PageID #: 272.

Also, in the recent matter of *Bullard v. Housing Authority of the City Of Monroeville,*  the Magistrate-Judge recommended dismissal of an action for failure of the party to appear for a deposition, in an order that provided at case *1:19-cv-00159-TFM-MU, Document 222, Filed 12/02/21, at PageID #: 4004*:

> Rule 37(d)(1)(A)(i) provides that this Court may order sanctions for a party's failure to appear at her deposition, after being served with proper notice. *See Barnett v. Baldwin County Bd. of Educ.*, 2015 WL 2365481, *2 (S.D. Ala. Apr. 9, 2015). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Rule 37(d)(3). The available sanctions include "dismissing the action or proceeding in whole or in part." Rule 37(b)(2)(A)(v). This Court may dismiss an action for failure to prosecute where the plaintiff has shown a "clear pattern of delay or willful contempt" and the Court finds that no lesser sanction would suffice. *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.,* 41 F.3d 1454, 1456 (11th Cir. 1995). This Court also retains the inherent power to police its docket and to enforce its orders. See *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Mingo v. Sugar Cane Growers Co-op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (sanctions on dilatory litigants may range from a simple reprimand to dismissal with or without prejudice). Moreover, this Court is not required to impose a lesser sanction when doing so would be ineffective to ensure the non-cooperating party's compliance. See *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1544 (11th Cir. 1993).

> It is undisputed that Defendants properly noticed Lett's deposition for times and dates agreed to by all parties, and it is undisputed that Lett failed to appear for her deposition twice. The Court notes that there have been numerous and well-documented discovery issues in this case, which led the Court to caution the parties that any further "recalcitrance ... will be grounds for appropriate sanctions." (Doc. 176 at p. 5). Lett's failure to appear twice at her deposition and her failure to effectively communicate with her own counsel establish the futility of attempting to reschedule her deposition. This being the case, the Court agrees with Defendants that no lesser sanction than dismissal of Lett's claims will suffice.

. . . .

Because of Lett's failure to appear at her deposition and concomitant failure to prosecute this action, upon consideration of the alternatives that are available to the Court, it is RECOMMENDED that all claims asserted by Plaintiff Larayn Lett in this action be DISMISSED, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.,* 370 U.S. 626, 630 (1962); *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.,* 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op,* 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham,* 709 F.2d 1457, 1458 (11th Cir. 1983).

The District Court agreed and dismissed the action at

*1:19-cv-00159-TFM-MU, Document 304, Filed 01/03/22, at PageID #: 6072:*

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns,* 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or sua sponte as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." V*il v. Perimeter Mortg. Funding Corp.,* 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp*., 617 F.2d 1164, 1169 (5th Cir. 1980); see also *Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] sua sponte for lack of prosecution." *Link v. Wabash R.R. Co*., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); see also *Betty K Agencies, Ltd*., 432 F.3d at 1337 (describing the judicial power to dismiss sua sponte for failure to comply with court orders).

20

Defendant Deborah Stevens has been repeatedly warned by her own attorney and Court orders of the consequences of her actions and inactions. Accordingly, Defendant Jason Daniel Stevens, joined by Defendant Brandon Blake Franklin, move the Court for entry of judgment against Defendant Deborah Stevens because Defendant Deborah Stevens has completely refused to cooperate with the Orders of this Court, the instructions of her attorney, and the *Federal Rules of Civil Procedure*.  Default judgment is due to be entered against Defendant Deborah Stevens as a matter of law pursuant to Rule 37 of the *Federal Rules of Civil Procedure*. There is no basis for any hearing on damages because this is an interpleader action.

## Proposed Findings of Fact and Conclusions of Law

The movant has submitted Proposed Findings of Facts and Conclusions of Law in EXHIBIT 2 that the movant believes would support an entry of a default declaratory judgment as a sanction, and for failure to prosecute, and which the movant believes as an officer of the Court would be sustainable on appeal.

FOR THE DEFENDANT
AND CROSS-PLAINTIFF
JASON D. STEVENS:

21

*/s/ Henry L. ("Max") Cassady, Jr.*
Henry L. ("Max") Cassady, Jr.
Cassady & Cassady, P.C.
201 Rural Street
Evergreen, Alabama 36401
Tel: 251.578.5252
maxcassady@gmail.com

## CERTIFICATE OF SERVICE

I certify by my signature above that, immediately after being stamped as filed by the court's electronic filing system, this filing was printed as court-stamped and served upon served upon Deborah Stevens as required by FRCP 5 by U.S. Mail on this date of May 5, 2022:

Deborah Stevens
1605 Indian Trail Drive
Mobile, Alabama 36695

And, immediately after being stamped as filed by the court's electronic filing system, by email to:

withtlc@mchsi.com
jumponthistwack93@gmail.com

## CERTIFICATE OF SERVICE

I certify by my signature above that this paper was served upon all counsel of record as required by FRCP 5 either by electronic mail as agreed by the parties instead of U.S. Mail, at the time and date shown in that email, or by filing the same with the electronic filing system of this court, at the time and date shown in that filing.

Kathryn M. Willis

Burr & Forman LLP
Post Office Box 2287
Mobile, AL 36652
251-344-5151
Fax: 251-344-9696
Email: kwillis@burr.com

H. William Wasden
Burr Forman
P.O. Box 2287
Mobile, AL 36652
(251) 344-5151
Fax: 251-344-9696
Email: Bill.Wasden@burr.com

Stephen E. Clements
Stephen E. Clements, P.C.
Post Office Box 1724
36602
Mobile, AL 36602
251-432-7800
Email: stephen@clementspc.com