```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

FORETHOUGHT LIFE INSURANCE     *
COMPANY,                        *
                                *
    Plaintiff,                  *
                                *  CIVIL ACTION NO. 21-00484-WS-B
vs.                             *
                                *
DEBORAH STEVENS, *et al.*,      *
                                *
    Defendants.                 *

**ORDER**

This action is before the Court on Defendant Jason Daniel Stevens's motion to compel discovery responses. (Doc. 32). In the motion, Defendant Jason Daniel Stevens ("Jason Stevens") states that he served interrogatories, requests for production of documents, and requests for admissions upon Defendant Deborah Stevens ("Deborah Stevens") on February 20, 2022. (Id. at 5). Jason Stevens asserts that Deborah Stevens has failed to provide responses to the discovery requests, despite his counsel's attempts to confer with Deborah Stevens's counsel to obtain the responses. (Id. at 5-6, 8, 10). Jason Stevens requests that the Court compel Deborah Stevens's complete responses to his interrogatories and production requests and confirm that the requests for admissions to which Deborah Stevens did not timely respond are deemed conclusively admitted. (Id. at 8, 10, 15).

On April 4, 2022, Deborah Stevens's attorney, James E.

Robertson, Jr., filed a motion to withdraw as counsel for Deborah Stevens in this case. (Doc. 23). In the motion, Mr. Robertson asserted that he had been unable to communicate with Deborah Stevens for more than a month and believed that a substantial breakdown in the attorney-client relationship had occurred. (Id.). The Court held a status conference and an in camera hearing the following day. (Docs. 26, 27). Based on Mr. Robertson's representations and the information submitted for the Court's review, the undersigned determined that Deborah Stevens had refused to appropriately communicate with her counsel despite repeated requests, thereby thwarting his efforts to represent her. Thus, the Court granted Mr. Robertson's motion to withdraw from representation of Deborah Stevens and directed him to file Deborah Stevens's contact information with the Court. (See Doc. 29 at 1).

In an order dated April 8, 2022, the Court granted Deborah Stevens leave until April 19, 2022, to retain new counsel and have her new counsel enter an appearance, or, in the alternative, to advise the Court of her intent to proceed *pro se*. (Id. at 2). Despite the Court's clear directives, Deborah Stevens failed to either retain new counsel or give notice of her intent to proceed *pro se* by April 19, 2022. On April 21, 2022, the undersigned ordered Deborah Stevens to show cause why the Court should not strike her answer and enter a default judgment against her as a sanction for her dilatory behavior. (Doc. 33 at 2). The

undersigned further ordered Deborah Stevens to file a response to Jason Stevens's motion to compel discovery responses[1] no later than April 29, 2022. (Id.). The undersigned cautioned Deborah Stevens that failure to comply with the Court's directives would result in a recommendation that a default judgment be entered against her. (Id.).

Despite the Court's directive, Deborah Stevens has not filed a response to Jason Stevens's motion to compel discovery responses to date. Thus, Deborah Stevens has failed to timely respond or object to Jason Stevens's discovery requests and has failed to timely respond to the motion to compel her responses to that discovery in violation of this Court's order. As such, she has waived any objections to the discovery requests by Jason Daniels Stevens that are the subject of the instant motion. See, e.g., United Steelworkers of Am., AFL-CIO-CLC v. Ivaco, 2003 U.S. Dist. LEXIS 10008, at *13, 2002 WL 31932875, at *4 (N.D. Ga. Jan. 13, 2003) ("As a general rule, when a party fails to object timely to discovery requests, such objections are waived.").

Rule 37 of the Federal Rules of Civil Procedure empowers courts to grant motions to compel disclosures and to enter sanctions against individuals who fail to make disclosures or participate in discovery. The rule provides, in pertinent part,

---

[1] Jason Stevens filed the instant motion to compel discovery responses on April 11, 2022. (Doc. 32).

3

that:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
>
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>>
>> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

As noted *supra*, Deborah Stevens has failed to respond to Jason Steven's motion to compel, let alone offer any evidence to controvert the assertions contained in the motion. Accordingly, based upon the undisputed assertions contained in Defendant Jason Stevens's motion, the Court **GRANTS, in part**, the motion, and directs Defendant Deborah Stevens to serve (1) complete interrogatory responses which have been signed and notarized, (2) complete responses to Jason Stevens's requests for production, and (3) complete responses to Jason Stevens's requests for admissions, no later than **May 17, 2022.**  Defendant Deborah Stevens is also directed to show cause, by **May 17, 2022,** why sanctions should not be imposed for her failure to timely respond to Jason Stevens's

4

discovery and to the instant motion to compel.

This action is hereby scheduled for a status conference before the undersigned Magistrate Judge on **May 20, 2022,** at **11:30 a.m. (CDT),** in **Courtroom 5A** of the United States District Court, 155 St. Joseph Street, Mobile, Alabama 36602.  Defendant Deborah Stevens is **DIRECTED** to personally appear for the status conference.

Defendant Deborah Stevens is hereby **warned** that if she fails to personally appear for the status conference or fails to timely serve complete responses to Jason Stevens's discovery requests and show cause in accordance with this order and the Federal Rules of Civil Procedure, the undersigned will recommend that her answer be stricken and a default judgment be entered against her for failure to prosecute and obey the Court's orders.

**DONE** this **10th** day of **May, 2022.**

                                                  **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**