IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FORETHOUGHT LIFE INSURANCE COMPANY,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) CIVIL ACTION 21-0484-WS-B ) |
| **DEBORAH STEVENS, et al.,** | ) ) |
| **Defendants.** | ) |

**ORDER**

In this interpleader action, one defendant ("Jason") has filed a motion for default judgment against another defendant ("Deborah"). (Doc. 35). The third defendant ("Brandon") has filed a joinder to Jason's motion. (Doc. 39).

The motion for default judgment has not been ruled on, and it does not even become ripe until May 26, 2022. (Doc. 38). Nevertheless, Deborah (proceeding without the benefit of counsel) has filed what is styled as a "Notice of Motion and Motion to Vacate Judgment for Fraud on the Court." (Doc. 46). Because no judgment has been entered, no judgment can be vacated, and Deborah's motion is thus **denied as premature**.[1] Deborah's second, identical motion, (Doc. 47), filed 50 minutes after the first, is **stricken** as redundant.[2]

Deborah's motion is rife with other errors and deficiencies, some of which are noted below. First, all filings by a *pro se* party must be "signed … by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Because Deborah

---

[1] The motion asserts that "[j]udgment was entered against the Defendant on May 20th, 2022," (Doc. 46 at 3), a date that is both still in the future and a week earlier than a judgment could possibly be entered.

[2] Deborah's "motion to set aside entry of default judgement and default judgement," (Doc. 42), is likewise **denied as premature**.

did not sign her motion, "[t]he court must strike" it. *Id*. Similarly, the motion does not "state the signer's address, e-mail address, and telephone number," as also required by Rule 11(a). Third, the motion includes a "declaration," which is neither signed nor confirmed by her as "true under penalty of perjury," as required by 28 U.S.C. § 1746. Fourth, the motion is patently drawn from a form that bears little resemblance to the form of motions in this District. For example, "notices of motion" are not used in the Southern District of Alabama.

Deborah has already been warned – twice – that her *pro se* status neither excuses her from complying with the rules applicable to all litigants nor insulates her from the consequences of failing to do so. (Doc. 38 at 1 n.1; Doc. 45). This marks her third warning. She will receive no more.

DONE and ORDERED this 18th day of May, 2022.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
