

Max Cassady <maxcassady@gmail.com>

---

## RE: Jim, see below - Ms. Stevens, you need to go by JimRobertson'soffice and get all of the documents you say Jim Robertson has.
1 message

---

**Jim Robertson** <jrobertson@jimroblaw.com>  Wed, Apr 27,
To: Deborah Stevens <withtlc@mchsi.com>, "maxcassady@gmail.com" <maxcassady@gmail.com>
Cc: "adam@adamjoneslaw.com" <adam@adamjoneslaw.com>, Stephen Clements <stephen@clementspc.com>, "jumponthistwack93@gmail.com" <jumponthistwack93@gmail.com>, Harold William Wasden <bwasden@burr.com>

I will be in the office around 9:30 a.m. and must leave again at 11:40 a.m.  I will return at approximately 1 pm.

Mrs. Stevens needs to contact me to arrange delivery of the documents in my possession.

Thank you

Jim

JAMES E. ROBERTSON JR., LLC

118 N. Royal Street, Suite 701

Mobile, AL  36602

Mailing Address:

P.O. Box 446

Mobile, AL 36601

Tel 251.320.8001

Fax 251.320.6500

*****Ask us about Probate, Real Estate & Estate Planning*****

The information transmitted in this email, including any attachments, is from James E. Robertson Jr., LLC and is covered by th
Communications Privacy Act, 18 U.S.C. 2510-2521.  This electronic information is intended only for the person(s) or entity/ent
it is addressed and may contain confidential and/or privileged material.  Any review, retransmission, dissemination or other us
of any action in reliance upon, this information by persons or entities other than the intended recipient(s) is strictly prohibited.

received this in error, please contact the sender via telephone at (251) 320-8001 or reply email and delete the email and any a
from any computer.  Thank You.

Sent from Mail for Windows 10

---

**From:** Deborah Stevens
**Sent:** Tuesday, April 26, 2022 10:02 PM
**To:** Jim Robertson; maxcassady@gmail.com
**Cc:** adam@adamjoneslaw.com; Stephen Clements; jumponthistwack93@gmail.com; Harold William Wasden
**Subject:** RE: Jim, see below - Ms. Stevens, you need to go by JimRobertson'soffice and get all of the documents you say Jim
has.

You are correct Adam is not representing me at the moment. **Aimee Cobb Smith,Adam and their Firm are all wonderful pe
have spent over 80.000 on Lawyers , my family is very upset to see me accused of  harming my husband and acting errati
my husband and the father of my children, It's the most painful thing to see your children hurting over losing their dad a
being sick and going through all of this it has been a very difficult time . The only thing I knew about was the lawyers goi
and talking with each other, I knew nothing about depositions  or I had been given a leave from court much less not comi
time.**

Sent from Mail for Windows

---

**From:** Jim Robertson
**Sent:** Tuesday, April 26, 2022 9:46 AM
**To:** Deborah Stevens; maxcassady@gmail.com
**Cc:** adam@adamjoneslaw.com; Stephen Clements; jumponthistwack93@gmail.com; Harold William Wasden
**Subject:** RE: Jim, see below - Ms. Stevens, you need to go by JimRobertson'soffice and get all of the documents you say Jim
has.

I learned late yesterday that Adam is NOT representing Mrs. Stevens.  I am not in the office at this time and only saw this mes
requesting documents.

Please advise.

JAMES E. ROBERTSON JR., LLC

118 N. Royal Street, Suite 701

Mobile, AL  36602

Mailing Address:

P.O. Box 446

Mobile, AL 36601

Tel 251.320.8001

Fax 251.320.6500

*****Ask us about Probate, Real Estate & Estate Planning*****

The information transmitted in this email, including any attachments, is from James E. Robertson Jr., LLC and is covered by th
Communications Privacy Act, 18 U.S.C. 2510-2521.  This electronic information is intended only for the person(s) or entity/ent
it is addressed and may contain confidential and/or privileged material.  Any review, retransmission, dissemination or other us
of any action in reliance upon, this information by persons or entities other than the intended recipient(s) is strictly prohibited. 
received this in error, please contact the sender via telephone at (251) 320-8001 or reply email and delete the email and any a
from any computer.  Thank You.

Sent from Mail for Windows 10

**From:** Deborah Stevens
**Sent:** Tuesday, April 26, 2022 6:55 AM
**To:** maxcassady@gmail.com
**Cc:** adam@adamjoneslaw.com; Jim Robertson; Stephen Clements; jumponthistwack93@gmail.com; Harold William Wasden
**Subject:** RE: Jim, see below - Ms. Stevens, you need to go by Jim Robertson'soffice and get all of the documents you say Jir
has.

Mr Cassady

I still have to get someone to  bring me and get dressed, I do not have all these things , yes I am behind but I will get everythin asked for .


Sent from Mail for Windows

---

**From:** Max Cassady
**Sent:** Tuesday, April 26, 2022 6:34 AM
**To:** Deborah Stevens
**Cc:** adam@adamjoneslaw.com; Jim Robertson; Stephen Clements; jumponthistwack93@gmail.com; Harold William Wasden
**Subject:** Jim, see below - Ms. Stevens, you need to go by Jim Robertson'soffice and get all of the documents you say Jim Ro

Jim, in the below email Ms. Stevens states that you have documents are responsive to our overdue production requests. I am asking her by your office and get those documents and bring them to the depos this morning.

Ms. Stevens, you need to go by Jim Robertson's office and get all of documents you say Jim has. I will need to see all of those document and ask you about them. You are required by the Federal Rules of C Procedure to search for and and turn over documents and the 30 da period to turn them over has long expired.

On Tue, Apr 26, 2022 at 5:04 AM Deborah Stevens <withtlc@mchsi.com> wrote:

> Mr Cassady  I'm trying to get the items together you have requested but Mr Robertson has most of what your asking for drugs Mr Cassady and i did not cause the death of my husband and i do not appreciate you accusing me of such. You a me with your behavior Mr Cassady, i have no problem answering any questions  as long as  your not accusing me of so haven't done ,if my behavior seems erratic maybe its because i lost my husband  then my ex husband, i'm sick and on of the time, we will meet this morning .

---

**From:** Max Cassady
**Sent:** Monday, April 25, 2022 2:35 PM
**To:** adam@adamjoneslaw.com; Jim Robertson; Stephen Clements; jumponthistwack93@gmail.com; withtlc@mchsi.co William Wasden
**Subject:** Expected testimony of Kevin Couch - Re: The deposition of DeborahStevens tomorrow in Mobile and Kevin C Wednesday in Birmingham will notbe postponed - Confirmation of Scheduling for 4/26/2022 at 9:00AM - Swornvideo tes Deborah Stevens tomorrow at Burns, Cunningham & Mackey 50St Emanuel St Mobile, AL 36602 Phone: (800) 574-433

Adam,

Below is the affidavit I prepared based on my conversation of Ke... Couch, who we are deposing on Wednesday. His in-house couns... him to give a deposition instead so I am taking it this Wednesday... Birmingham at 10 a.m. Please check the court record for all notic... you enter an appearance. Until you enter a notice of appearance... continue to address Ms. Stevens as a pro se litigant and copy he... emails. I think you should consider that the Court is not likely to a... another attorney for Ms. Stevens to withdraw if you enter a notice... appearance for her. My client Jason Stevens is the only natural b... son of Danny Stevens. My client has been in recovery for many y... now and he genuinely believes that Ms. Stevens caused the wro... death of his father and I intend to thoroughly examine Ms. Steven... tomorrow on her role in the multiple drugs that were in Danny's b... when he died in the bed with her at a casino, drugs including fen... Heavy drug use seems consistent to me with her erratic behavior... case, and so I will be asking her a wide range of questions about... issues.

Max Cassady

**STATE OF ALABAMA )**

**COUNTY OF JEFFERSON )**

### AFFIDAVIT OF KEVIN COUCH

1. My name is Kevin Couch. I am over the age of 21. I have personal knowledge of... matters stated in this affidavit.

2. I am Vice President & LPL Financial Advisor at Renasant Financial Services. I h[ave a] Bachelor's degree in Criminal Justice/Law from Jacksonville State University and a [Master's] degree in Psychology Counseling from the University of Alabama at Birmingham.

3. I have more than 20 years of experience in the financial services industry. I spec[ialize in] wealth management, insurance and investment planning for individuals and small b[usiness] owners. I provide advice and strategies designed to pursue specific financial goals. [My] Financial Services include services such as professional money management, retire[ment,] education planning, investment products, including stocks, bonds, mutual funds and [fixed] annuities, and insurance products.

4. I am Series 6, 7, 63, and 66 licensed, through LPL Financial. I am registered for [business] in AL, FL, GA, and TX. I am registered as an LPL Investment Advisor Representativ[e and a] licensed insurance agent in the State of Alabama.

5. Fred Daniel Stevens was a client of mine at Renasant Financial Services. He ha[d been] severely injured and had substantial assets following a civil lawsuit related to his inj[uries. His] attorney introduced him to me for financial services.

6. In 2018, Fred Daniel Stevens purchased two annuities, each worth $1,000,000, [for a total] value of $2,000,000. In the applications for the annuities, Fred Daniel Stevens desig[nated his] wife Deborah Stevens as the primary beneficiary on both of the $1,000,000 annuitie[s. The] Annuities were issued with Deborah Stevens as the primary beneficiary. These wer[e] Forethought Life Insurance Company fixed annuity contracts, Nos. xxxxx6382 and x[xxxx] owned by Fred Daniel Stevens.

7. Fred Daniel Stevens and I spoke regularly on the phone. Fred Daniel Stevens b[ecame] "Danny" to me and we conversed often. He and I enjoyed conversations about foot[ball. He] was a client and I considered him a friend. In every single conversation that we eve[r had before] he died, Fred Daniel Stevens never seemed confused or pressured in any way. Fre[d Daniel Stevens]

Stevens was clear and concise and in control of his financial affairs in every statement ever made to me.

8. Occasionally I would be speaking with Fred Daniel Stevens and he would provide consent to speak on the phone with Deborah Stevens, who I knew to be his wife. D Stevens would ask me questions about tax information and the balance of the acco

9. At one point Fred Daniel Stevens called me and said he was separating from his Deborah Stevens. Fred Daniel Stevens informed me during this telephone conversa he wished to change the beneficiary on both of the $1,000,000 annuities to 50% to natural born son, Jason Daniel Stevens, and 50% to Brandon Blake Franklin, his st from a prior marriage. I told him that he would need to complete and sign document change the beneficiary designations. This is completely normal activity between my my clients. I have been involved in change of beneficiary transactions with clients fo approximately 20 years. During this conversation, as always, Fred Daniel Stevens and concise and in control of his financial affairs in every statement he made to me

10. Our company has a protocol in place if there is ever any reason to believe that a seems out of character. If Fred Daniel Stevens' statements to me had seemed uncle concise, pressured, unusual or out of character, I would have requested the advice oversight of the compliance professional at my company.

11. The instruction by Fred Daniel Stevens to provide him with change of beneficiary was a routine matter in the business I am in. It is common for a client (here a husba remove his spouse (here, a wife) as a beneficiary of an annuity or other wealth instr the relationship between the two has deteriorated to the point of separating from ea

12. Following our telephone call, the change of beneficiary forms were mailed to Fre Stevens according to his instructions. He signed and returned them to my office. WI change of beneficiary forms were returned to my office, I reviewed them and found properly completed, and I sent them to be processed.

13. In or about June 2020, the annuity company Forethought received and processe[d] change of beneficiary forms from Fred Daniel Stevens for both annuities removing [  ] Stevens as primary beneficiary and naming Jason Daniel Stevens and Brandon Bla[ke] Franklin as co-beneficiaries. Therefore Jason Daniel Stevens and Brandon Blake F[  ] were each ½ or 50% beneficiaries on both of the $1,000,000 annuities.

14. In May 2021, Fred Daniel Stevens died. Before Fred Daniel Stevens died, I had [  ] in person, spoken on the phone, emailed with, or texted, or communicated in any w[ay] Jason Daniel Stevens. Before Fred Daniel Stevens died, I had never met in person, [  ] on the phone, emailed with, or texted, or communicated in any way, with Brandon B[  ] Franklin.

15. During the period between the change of beneficiaries in June 2020 to his death [  ] 2021, Fred Daniel Stevens never communicated to me any second thoughts, doubt[s] regrets that he had changed the beneficiary designations to his natural son Jason D[  ] Stevens and his step-son Brandon Blake Franklin.  He remained clear and concise [  ] control of his financial affairs in every interaction I had with him until he died.

16.  If required to give a deposition in this case before a court reporter, I would unde[r] and do hereby under oath before a Notary Public, state the foregoing.

_____
KEVIN COUCH


ACKNOWLEDGMENT


BEFORE ME on this date of _____, personally appeared Kevin [  ] who being known to me or who personally identified himself to me by Alabama driver's licen[se] affirmed under oath that he had personally knowledge of the facts stated in this affidavit, and [  ] are true and correct.

_____
NOTARY PUBLIC SIGNATURE

_____
PRINTED NOTARY PUBLIC NAME

MY COMMISSION EXPIRES: _____

On Mon, Apr 25, 2022 at 2:10 PM Max Cassady <maxcassady@gmail.com> wrote:

Adam and Jim,

Adam: Thank you for your call this afternoon. Ms. Deborah St[evens] <u>must attend her deposition in person tomorrow</u>. I am copying [Jim] with this email because you have not entered a notice of appe[arance] and stated you were not certain you would, therefore, she is s[till pro] *se*. Below is the email I sent her this morning to both address[es] the court instructed be utilized to send her emails. No one tol[d me] Ms. Stevens could attend by Zoom. The notice of deposition d[id] not state she may attend by Zoom. No email ever stated the deponent could attend by Zoom. This is more evasion by Ms. Stevens. My email to Ms. Stevens below makes it clear she m[ust] attend in person and I wrote it because this is just the sort of l[ast] second evasiveness I expected from Ms. Stevens. Jim withdr[ew and] no one has ever communicated to him that Ms. Stevens could [attend by] Zoom.  As also mentioned, the deposition in Birmingham of K[atie] Couch on Wednesday is court ordered and will also proceed. [If you] enter a notice of appearance before the deposition tomorrow [your] firm intends to represent Ms. Stevens. Ms. Stevens has never provided one document showing she had Covid in the past or [that] she ever sought medical treatment for Covid, so that is not an[y] acceptable continuing excuse for her to avoid these proceedi[ngs]. Please understand frustration is not at all with you, rather, my [...]

position on this is borne out of months of frustration trying to [move?] this case forward, and at each juncture it has been Ms. Steve[ns'] refusal to cooperate delaying the proceedings.

Jim: No one ever said that Ms. Deborah Stevens could give a [] deposition by Zoom, so I do not know why you told Adam that [she] did.

Max Cassady

---------- Forwarded message ---------
From: **Max Cassady** <maxcassady@gmail.com>
Date: Mon, Apr 25, 2022 at 8:55 AM
Subject: Re: Confirmation of Scheduling for 4/26/2022 at 9:00AM - Sworn video testimony of Deborah Stevens to [] Burns, Cunningham & Mackey 50 St Emanuel St Mobile, AL 36602 Phone: (800) 574-4332
To: office@prolegalreporting.com <office@prolegalreporting.com>, Pete Mackey <psmackey@bcmlawyers.com> <Bill.Wasden@burr.com>, Stephen Clements <stephen@clementspc.com>, <jumponthistwack93@gmail.com>, <withtlc@mchsi.com>
Cc: Rebekah Berry <rebekahc201@gmail.com>, Julie Robinson (BCM Assistant) <jrobinson@bcmlawyers.com>

1. Pro-Legal, Yes it is still scheduled for tomorrow, see yo[u]
2. Julie, we will be there for the deposition tomorrow at B[CM]
3. Ms. Stevens: You must appear in person and you must [bring] all of the documents we have requested in discovery incl[uding] any notes or photos you took on the night Daniel Stevens [died] of a drug overdose in the hotel room with you.  Please no[te] if you do not bring the documents requested, your sworn [] testimony will be required not only tomorrow but also at a [later] date when you do provide the documents.
4. Ms. Stevens, the video of your testimony and the court [] reporter transcription of your sworn testimony will begin a[t 9:00] a.m. If you are not present by 9:30 a.m., the proceeding w[ill end] and it will be noted on the court-reported record that you [did not] appear.

5. Counsel and Ms. Stevens: FYI, below, from ProLegal, sworn testimony of Ms. Stevens to be taken tomorrow at the following location:

Burns, Cunningham & Mackey
50 St Emanuel St
Mobile, AL 36602
Phone: (800) 574-4332

On Mon, Apr 25, 2022 at 8:41 AM office@prolegalreporting.com <office@prolegalreporting.com> wrote:

Good morning!

Please confirm that the below listed video deposition (with Zoom Link) scheduled for Tuesday, April 26, 2022, is still moving forward, and that all information is correct. Thanks!

Job No.: 4961
Job Date: 4/26/2022
Job Time: 9:00AM - 9:01AM
Location: Burns, Cunningham & Mackey
Case Name: FORETHOUGHT LIFE INSURANCE COMPANY vs. DEBORAH STEVENS, ET AL.
Witness: DEBORAH STEVENS

## CONFIRMATION

**Prolegal Reporting**
54-56 N. Royal Street
Mobile, AL 36602
Telephone: 251-433-2678

[image]

| **Job No.** | 4961 | **Scheduled Date** | 4/11/2022 |
|---|---|---|---|
| **Attn** | Rebekah Berry | **Attorney** | H. Lomax Cassady, Jr. |

| **Firm** | Cassady & Cassady, P.C.<br>201 Rural Street<br>Evergreen, AL 36401<br>Phone: 251-578-5252<br>Fax: 251-217-9033 |
|---|---|

This fax/email is being sent as confirmation of the following scheduled deposition:

| **Style of Case** | FORETHOUGHT LIFE INSURANCE COMPANY vs. DEBORAH STEVENS, ET AL. |
|---|---|
| **Witness(es)** | DEBORAH STEVENS |

| **Deposition Date** | 4/26/2022 | **Time** | 9:00AM - 9:01AM<br>Central Standard Time |
|---|---|---|---|

| **Location** | Burns, Cunningham & Mackey<br>50 St Emanuel St<br>Mobile, AL 36602<br>Phone: (800) 574-4332<br>Detail: https://us02web.zoom.us/j/87857616864?pwd=UUNQT01rR3FPb21BOUFQajZ6OE... |
|---|---|

| **Remarks** | Video Depo |
|---|---|

We will confirm this assignment via telephone the business day prior to the scheduled time. The terms and conditions listed below will be deem
unless notice is given to Prolegal Reporting at 251-433-2678 upon receipt of this facsimile or a different arrangement has been made in advanc

Virus-free. www.avg.com