```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

FORETHOUGHT LIFE INSURANCE      *
COMPANY,                        *
                                *
     Plaintiff,                 *
                                *  CIVIL ACTION NO. 21-00484-TFM-B
vs.                             *
                                *
DEBORAH STEVENS, *et al.*,      *
                                *
     Defendants.                *

## REPORT AND RECOMMENDATION

This action is before the Court on motions for default judgment filed by Defendants Jason Daniel Stevens and Brandon Blake Franklin (Docs. 35, 39). The motions have been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72. For the reasons set forth below, the undersigned recommends that both motions be **GRANTED**.

### I. BACKGROUND

Plaintiff Forethought Life Insurance Company ("Forethought") filed the instant interpleader action against Defendants Deborah Stevens, Brandon Blake Franklin ("Franklin"), and Jason Daniel Stevens ("Jason Stevens") on November 5, 2021. (Doc. 1). Through this interpleader action, Forethought seeks to determine the proper beneficiary of two Forethought fixed annuity contracts, each worth approximately $1 million. (See id.). The annuities

were purchased and owned by Fred Daniel Stevens, who died on May 1, 2021. (Id. at 2-3). Forethought avers that following Fred Daniel Stevens' death, the company received competing claims for the above-referenced annuities. (Id. at 3). Forethought seeks a judgment in this action establishing Defendants' respective legal rights to the death benefits from Fred Daniel Stevens' annuities, and an order discharging Forethought from any liability with respect to the annuities. (Id. at 4-5).

On January 6, 2022, the Court issued a preliminary scheduling order, which directed counsel for the parties to confer and jointly submit a report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. (Doc. 10). As directed, counsel for all parties conferred and jointly submitted a Rule 26(f) report. (Doc. 13). In the report, James Robertson, counsel for Defendant Deborah Stevens, set forth Deborah Stevens' position regarding the underlying dispute and advised of his inability to "communicate with Mrs. Stevens ('Debbie') in the past few days this week[.]" (Id. at 3-5). Mr. Robertson noted that as a result of said difficulty, he had not discussed the joint Rule 26(f) report with Deborah Stevens. (Id. at 3).

At the scheduling conference conducted on March 2, 2022, Mr. Robertson reported that he had been unable to contact Deborah Stevens for nearly two weeks, that he was representing her in a probate case, and that he had not had any problems communicating

2

with her in the past. (Doc. 16). Mr. Robertson further advised that he had attempted to reach Deborah Stevens by telephone, by email, and by written correspondence, but with no success. (Id.). He also advised that Deborah Stevens has health challenges, and that he had checked with local hospitals but had not been able to locate her. (Id.). The Court directed Mr. Robertson to continue his efforts to reach his client. (Id.).

Two days later, on March 4, 2022, Mr. Robertson advised that he had received a certified mail return receipt which he interpreted to indicate that Deborah Stevens was suffering from COVID-19 and which, according to Mr. Robertson, explained why Deborah Stevens had failed to respond to all of his communications. (Doc. 17). The certified mail return receipt was addressed to "Deborah Louise Stevens" and listed her address as "1605 Indian Trail Dr., Mobile, AL 36695." (Doc. 17-1 at 2). "Covid 19" was written in the "Signature" and "Received by" spaces of the receipt, and the date of delivery was listed as February 25, 2022. (Id.). On March 15, 2022, the Court issued a Rule 16(b) scheduling order. (Doc. 19).

Subsequent thereto, Max Cassady, counsel for Defendant Jason Stevens, contacted the Court and requested a discovery conference in accordance with the scheduling order. On April 1, 2022, the Court entered a text order setting this case for a discovery conference on April 5, 2022. The day before the discovery

3

conference, James Robertson filed Deborah Stevens' initial disclosures and a motion to withdraw as counsel for Deborah Stevens. (Docs. 22, 23). In the initial disclosures, Mr. Robertson advised that despite his best efforts, he had been unable to contact his client in order to verify the initial disclosures. (Doc. 22 at 1). In the motion to withdraw, Mr. Robertson asserted that he had been unable to communicate with Deborah Stevens for more than a month, and that without her communication and participation, it was not possible for him to properly represent her or fulfill his obligations pursuant to the Alabama Rules of Professional Conduct. (Doc. 23 at 1-3). He further asserted that there had been a substantial breakdown in the attorney-client relationship. (Id. at 3). Mr. Robertson also indicated that he had received a text communication from Deborah Stevens on April 2, 2022, and that, if required, he would submit it under seal for the Court's review. (Id.). Finally, Mr. Robertson requested that Deborah Stevens be provided up to thirty days to retain new counsel if his motion to withdraw was granted. (Id. at 4).

On April 5, 2022, the Court held a discovery conference with counsel for the parties and, during a recess, conducted an in-camera discussion with James Robertson. (Docs. 26, 27). Mr. Robertson reported that Deborah Stevens was now refusing mail that he had sent to her, and that Deborah Stevens had acknowledged through text messages that she was fully aware of his repeated

4

attempts to reach her about this interpleader action. According to Mr. Robertson, Deborah Stevens offered as reasons for her failure to communicate that she had been caring for her mother and overseeing "tile" renovations to her house. (Doc. 27).

Based on Mr. Robertson's representations, the undersigned determined that Deborah Stevens had refused to appropriately communicate with her counsel despite repeated requests, thereby thwarting his efforts to represent her. (Doc. 26). Accordingly, the undersigned orally granted Mr. Robertson's motion to withdraw from representation of Deborah Stevens and directed him to file Deborah Stevens' contact information with the Court. (Id.). The Court also granted Deborah Stevens leave until April 19, 2022 to retain new counsel and have her new counsel enter an appearance, or, in the alternative, to advise the Court of her intent to proceed *pro se*. (Id.). In addition, the Court granted Defendant Jason Stevens' request to proceed with the deposition of non-party Kevin Couch on April 27, 2022. (Id.).

As directed, James Robertson filed with the Court a notice containing Deborah Stevens' contact information. (Doc. 28). In the notice, Mr. Robertson asserted that "[i]t is Counsel's understanding that Deborah is not accepting at this time certified or priority mail, as his mailed package of March 25, 2022 was returned to Counsel by the United States Postal Service following an unsuccessful delivery attempt at her residence." (Id. at 2).

5

Mr. Robertson also advised Deborah Stevens that the Court had granted his request to withdraw from further representation of her, had granted her leave until April 19, 2022 to obtain new counsel and have counsel file an appearance, and had ruled that Kevin Couch's deposition could proceed as scheduled on April 27, 2022. (Id. at 1). The notice listed Deborah Stevens' address as "1605 Indian Trail Drive, Mobile, Alabama 36695," and it also included her email addresses and telephone number. (Id. at 2). The notice reflects that it was sent to Deborah Stevens by regular mail. (Id. at 1, 3).

In a written order dated April 8, 2022, the Court reiterated the oral rulings rendered during the discovery conference on April 5, 2022. (Doc. 29). The Court also cautioned Deborah Stevens that failure to comply with the directives in the Court's order would result in a recommendation that a default judgment be entered against her. (Id. at 2).

On April 11, 2022, Max Cassady, counsel for Defendant Jason Stevens, filed a first amended notice of court-reported and videotaped deposition of Deborah Stevens. (Doc. 31). The notice stated that Deborah Stevens' deposition was scheduled for April 26, 2022 at 9:00 a.m. at the office of Burns, Cunningham & Mackey in Mobile, Alabama, and reflected that it was served on Deborah Stevens by regular mail and email. (Id. at 1, 7). On the same date, Mr. Cassady also filed a motion to compel Deborah Stevens to

6

respond to Jason Stevens' interrogatories, requests for production, and admission requests. (Doc. 32). Mr. Cassady asserted that the discovery requests were served on James Robertson, Deborah Stevens' former counsel, on February 20, 2022, that he had conferred with Mr. Robertson regarding the overdue responses on March 31, 2022, and that the discovery requests remained outstanding. (Id. at 5). Mr. Cassady requested an order compelling Deborah Stevens to respond to the discovery requests. (Id. at 10, 15).

Despite the Court's directive for Deborah Stevens to retain new counsel or give notice of her intent to proceed *pro se* by April 19, 2022, Deborah Stevens failed to do either. And, her copy of the Court's April 8, 2022 order has not been returned to the Court as undeliverable.[1] Accordingly, on April 21, 2022, the undersigned ordered Deborah Stevens to show cause why the Court should not strike her answer and enter a default judgment against her as a sanction for her dilatory behavior. (Doc. 33). The undersigned further ordered Deborah Stevens to file a response to Jason Stevens' motion to compel discovery responses no later than April 29, 2022. (Id. at 2). The undersigned again cautioned Deborah Stevens that failure to comply with the Court's directives would result in a recommendation that a default judgment be entered

---

[1] Likewise, emails sent to Deborah Stevens' email account did not generate a message indicating that the emails were not delivered.

against her.  (Id.).

On May 5, 2022, Deborah Stevens filed a response with the Court asserting that she had contacted the Court several times to advise that she was "being taken advantage of" and "misrepresented." (Doc. 36 at 1).  She alleged that James Robertson, her former counsel, knew she was sick and told her to get well and not worry about anything.  (Id.).  According to Deborah Stevens, she "was not told about leave" and was unaware of a deposition.  (Id.).  She also advised of her intent to remain *pro se* and claimed that her former counsel did not tell her "anything about what was going on in court[.]"  (Id. at 1-2). Deborah Stevens also made various factual assertions regarding amounts she paid to attorneys and the circumstances surrounding the beneficiary forms at issue.  (Id. at 1-3).  She also submitted various documents related to the annuities purchased by Fred Daniel Stevens.  (Doc. 36-1).

Also on May 5, 2022, Defendant Jason Stevens filed a motion for default judgment against Deborah Stevens for her failure to prosecute, willful refusal to follow court orders, and refusal to give deposition testimony.  (Doc. 35).  In the motion, Jason Stevens alleged that Deborah Stevens had refused to cooperate with her former counsel to advance discovery, failed to respond to Jason Stevens' discovery requests, and failed to appear for her duly noticed deposition. (Id. at 2-4, 6-12).  On May 6, 2022, Defendant

Franklin filed a motion joining in Jason Stevens' motion for default judgment. (Doc. 39). Franklin asserted that a default judgment should be entered against Deborah Stevens due to "her complete refusal to cooperate with the Orders of this Court, instructions of her former attorney, and non-compliance with the Federal Rules of Civil Procedure." (Id. at 1).

In an order dated May 6, 2022, the Court directed Deborah Stevens to file a response to Jason Stevens' motion for default judgment by May 19, 2022. (Doc. 38). And, on May 10, 2022, the undersigned granted, in part, Jason Stevens' motion to compel discovery, as Deborah Stevens had failed to respond to the motion. (Doc. 40). The undersigned directed Deborah Stevens to submit complete responses to Jason Stevens' discovery requests no later than May 17, 2022, and to show cause by said date why sanctions should not be imposed against her in connection with Jason Stevens' motion to compel. (Id. at 4-5). The Court also set this matter for a status conference on May 20, 2022 and cautioned Deborah Stevens that if she failed to personally appear for the conference, failed to submit complete responses to Jason Stevens' discovery requests, or failed to show cause why sanctions should not be imposed, the undersigned would recommend that her answer be stricken and a default judgment be entered against her for failure to prosecute and obey the Court's orders. (Id. at 5).

On May 13, 2022, Deborah Stevens filed an unsigned, one-

9

paragraph response to Jason Stevens' motion for default judgment. (Doc. 41). In the response, Deborah Stevens asserted that she had not had adequate counsel, had paid out over "70.000" to two lawyers and an investigator, had been taken advantage of, did not know anything about interrogatories and requests for production, and could not "get caught up" because new motions and orders were "being filed everyday." (Id.). She further asserted that she was working on the items "Mr[.] Cassady" requested. (Id.).

On May 17, 2022, Deborah Stevens filed an unsigned "response to show cause" asserting that sanctions should not be imposed against her for her failure to respond to Jason Stevens' discovery requests and motion to compel.² (Doc. 48). According to Deborah Stevens, she had been forced to stop working on the discovery responses to respond to new motions filed by Max Cassady, Jason Stevens' attorney. (Id.). She also asserted that she "didn't know any of this was going on in this court until recently" and would "have everything for Mr cassady completed by tomorrow[.]" (Id.).

On May 20, 2022, the status conference in this case was scheduled to commence at 11:30 a.m. (See Doc. 40 at 5). However, Deborah Stevens did not appear for the conference until 12:10 p.m. Upon her arrival, Deborah Stevens offered no explanation for her

---

² Deborah Stevens also filed a motion to set aside default judgment (Doc. 42), which the Court denied as premature. (Doc. 51).

10

tardiness. When questioned about why she had repeatedly disobeyed orders issued by the Court, Deborah Stevens initially indicated that she did not know about the orders, and then she blamed her former counsel for not keeping her informed. Later, she contended that she had complied with all of the Court's orders.

During the conference, counsel for Defendants Jason Stevens and Franklin advised that on May 17, 2022, Deborah Stevens emailed them a link that purported to contain her discovery responses, but they were not able to access the responses utilizing the link. According to Max Cassady, counsel for Jason Stevens, they clicked on the button requesting access but never received access. They emailed Deborah Stevens on May 19, 2022, and again requested access to the documents. The next day, which was the date of the hearing, Deborah Stevens responded to their email and advised that she would check into the link following the status conference.

Mr. Cassady also reported that Deborah Stevens' deposition was scheduled for April 26, 2022, and that the deposition notice was mailed and emailed to Deborah Stevens at the addresses listed on the Court docket. According to Mr. Cassady, he had email discussions with both Deborah Stevens and Adam Jones, an attorney Deborah Stevens had consulted about representing her, and both Mr. Jones and Deborah Stevens confirmed that she would be present for her deposition on April 26, 2022. Per Mr. Cassady, Deborah Stevens failed to appear for her deposition on April 26, 2022; however,

11

she did appear via Zoom the following day, April 27, 2022, for the deposition of non-party Kevin Couch. In response, Deborah Stevens claimed she did not know that her deposition was scheduled, although the record contains a notice certifying that the deposition notice was sent to Deborah Stevens via regular mail and email on April 11, 2022. (Doc. 31). Deborah Stevens later indicated that she was afraid to meet with Mr. Cassady but offered no basis for this assertion.

## II. **ANALYSIS**

"A court may impose sanctions for litigation misconduct under its inherent power." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1306 (11th Cir. 2009). The Court's inherent power derives from its "need 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" Id. (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "The key to unlocking a court's inherent power is a finding of bad faith." Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998). Sanctions authorized under the court's inherent powers include the ultimate sanction of dismissal with prejudice or entry of default judgment. See Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1338 (11th Cir. 2002) (per curiam) (affirming the district court's imposition of sanctions, including dismissal with prejudice).

Before a district court imposes the sanction of default judgment, the court must find a willful or bad faith failure to comply with its orders. Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993). However, a court does not need to first impose lesser sanctions if those sanctions would be ineffective. Id. at 1544; see also Jackson v. Investigations & Sec. Bureau, Inc., 2018 U.S. Dist. LEXIS 219166, at *13, 2018 WL 4603289, at *4 (M.D. Fla. Aug. 27, 2018) (finding default judgment warranted where corporate defendant failed to retain counsel despite numerous warnings of the consequences of not retaining counsel); Alexander v. Moore, 2018 U.S. Dist. LEXIS 239969, at *1-2, 2018 WL 4677835, at *1 (M.D. Ala. Apr. 26, 2018) (finding default judgment warranted as a sanction where defendant disappeared for long periods of time, willfully neglected to update the court with her contact information, and showed "little interest in the litigation," thwarting plaintiff's counsel in discovery and reporting obligations and requiring the court to unnecessarily expend limited resources); Bolar v. S. Intermodal Express, 2018 U.S. Dist. LEXIS 158788, at *5, 2018 WL 5116539, at *2 (S.D. Ala. Sept. 17, 2018) ("'District courts possess inherent power to sanction errant litigants before them[,]' including the power to dismiss an action for failure to prosecute."), report and recommendation adopted sub nom., 2018 U.S. Dist. LEXIS 179588, 2018 WL 5116093 (S.D. Ala. Oct. 19, 2018); Zow v. Regions Fin.

13

Corp., 595 F. App'x 887, 889 (11th Cir. 2014) (per curiam) ("[I]f a party disregards an order despite being warned of the possible consequences, dismissal is generally not an abuse of discretion.").

Here, Defendants Jason Stevens and Franklin seek a default judgment against Defendant Deborah Stevens. Based on a review of the record, the undersigned finds that Deborah Stevens has been accorded a great deal of latitude in this case, but her persistent failures to comply with the rules of procedure and orders of this Court can no longer be tolerated. She has repeatedly disobeyed orders of this Court and has thwarted efforts by the other parties to litigate this case. Despite his best efforts, Deborah Stevens' former counsel had no success in getting her to respond to his communications and was forced to seek to withdraw from the case due to Deborah Stevens' lack of communication and cooperation. When this Court directed Deborah Stevens to secure new counsel or advise the Court of her intent to proceed *pro se*, she did not respond as directed. She also ignored the Court's order directing her to respond to Jason Stevens' motion to compel. Moreover, she failed to appear for her duly noticed deposition; yet, on the following day, she appeared via Zoom for the deposition of Kevin Couch, a non-party. In addition, when counsel for Jason Stevens and Franklin placed her on notice of their inability to access the link that purportedly contains her discovery responses, she took

no steps to address the issue, choosing instead to put them off yet again. At the hearing conducted on May 20, 2022, Deborah Stevens arrived more than thirty minutes after the starting time, offered no explanation for her tardiness, and offered no legitimate explanation for her failure to adhere to the orders of the Court and failure to diligently litigate this case.

Under the circumstances, the undersigned finds that Deborah Stevens' noncompliance has been willful, and that at this juncture, there is no reason to believe that any sanction short of a default will suffice to correct such conduct. Accordingly, the undersigned finds that striking Deborah Stevens' answer, entering a default, and entering default judgment against Deborah Stevens as to the proceeds at issue is appropriate under the circumstances. The undersigned thus **RECOMMENDS** that the motions for default judgment (Docs. 35, 39) be **GRANTED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations

contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **6th** day of **June, 2022.**

                                           **/s/ SONJA F. BIVINS**
                                   **UNITED STATES MAGISTRATE JUDGE**