IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FORETHOUGHT LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) CIV. ACT. NO. 1:21-cv-484-TFM-B |
| DEBORAH STEVENS, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

On June 6, 2022, the Magistrate Judge entered a Report and Recommendation which recommends that the motions for default judgment filed against Defendant Deborah Stevens by (Docs. 35, 39) be granted. No objections were filed.

28 U.S.C. § 1654 permits a person to "plead and conduct their own cases personally or by counsel." Even so, *pro se* litigants are required to conform to the procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002); *Vil v. Perimeter Mortgage Funding Corp.*, 715 F. App'x 912 (11th Cir. 2017). Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d

835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

In the case at hand, though Deborah Stevens is styled as a Defendant, this is an interpleader action. Forethought Life Insurance Company, for all intents and purposes, is a neutral party that acknowledges benefits are due to be paid, but brings this interpleader action noting the competing interests among the named Defendants. In essence, each Defendant is similar to a plaintiff pursing their own interests in the disputed funds. Therefore, the Court finds the caselaw above just as applicable as the sanction authority brought under Fed. R. Civ. P. 37 and its related caselaw.

Sanctions authorized under the court's inherent powers include the ultimate sanction of dismissal with prejudice or entry of default judgment. *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1338 (11th Cir. 2002). The Court finds that the conduct and lack of cooperation in this case by Deborah Stevens has been willful and in bad faith. Further, no lesser sanctions seem appropriate as she was repeatedly warned by the Court that her *pro se* status did not excuse her from complying with the rules and the consequences of failing to do so. There comes a point when enough is enough. Moreover, no objections were filed to the well-reasoned analysis of the Magistrate Judge's Report and Recommendation and over two months has passed.

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the report and recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court. Accordingly, the motions for default

judgment against Deborah Stevens filed by Defendants Jason Daniel Stevens and Brandon Blake Franklin (Docs. 35, 39) are **GRANTED**. The Court finds that a sanction pursuant to Fed. R. Civ. P. 37(b)(2)(A), 37(d)(3), and 41(b) is appropriate and enters default judgment against Defendant Deborah Stevens.

As a result, Defendant Deborah Stevens may no longer make a claim to the proceeds of the Annuities identified in the Complaint (Nos. xxxxx6382 and xxxxx1811) and is barred from further litigating regarding these matters.

Further, it would appear that this would resolve the issue as to the beneficiary designations. However, to be certain, the remaining parties (Forethought Life Insurance Company, Brandon Blake Franklin, and Jason Daniel Stevens) are **DIRECTED** to file a joint status report indicating whether there are any matters remaining for resolution by the Court. If not, then they shall submit a proposed order which will bring this litigation to its conclusion. The joint status report shall be submitted on or before **September 15, 2022**.

It is further **ORDERED** that the motion to submit proposed order (Doc. 56) is **DENIED as moot** in light of the above.

**DONE** and **ORDERED** this 16th day of August, 2022.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE